Singh v. Sessions

BIA
Cheng, IJ
A200 813 945

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

KRISHNA PRAKAS SINGH,
> *Petitioner,*

v.                                        16-2574
                                          NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Khagendra Gharti Chhetry, New York, NY.

FOR RESPONDENT:     Chad A. Readler, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Krishna Prakas Singh, a native and citizen of Nepal, seeks review of a June 21, 2016, decision of the BIA affirming a January 22, 2015, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Krishna Prakas Singh,* No. A 200 813 945 (B.I.A. June 21, 2016), *aff'g* No. A 200 813 945 (Immig. Ct. N.Y. City January 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any

2

such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination is supported by substantial evidence given the inconsistencies between Singh's testimony at the merits hearing, his application, and his credible fear interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The basis of Singh's claim was that he was targeted by Maoists for his political activities with the Nepali Congress Party ("NCP"). But Singh was inconsistent about when and how he first encountered the Maoists: he testified at the merits hearing that he was first threatened by the Maoists by telephone in early December 2006; but stated during his credible fear interview that his first contact was when he was called into the Maoist offices. Moreover, he provided differing descriptions of the incident, stating at his interview that he was called in to talk about the Maoists' intent to recruit his children, but later testifying that the Maoists abducted him from his home. His

description also differed as to how long he was held and whether he paid money or had money stolen, and whether and how severely he was beaten.  Finally, Singh was also inconsistent as to the alleged incident that caused him to flee Nepal: at the interview, he stated that Maoists interrupted an NCP meeting of 100 to 150 people at his home; but he testified that only 10 to 15 people attended the meeting.

   Singh's explanations for these inconsistencies do not compel a different result.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)  ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks and citation omitted)).  He argues that the record shows he consistently stated that the Maoists stole money from him during the abduction.  But he stated in his credible fear interview that he gave the money to secure his release, omitted any reference to the theft from his written statement, and testified about it at the hearing only when pressed on cross-examination.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be

4

clearly erroneous. . . . Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal quotation marks omitted)).

Singh also challenges the reliability of the credible fear interview, alleging translator and transcription errors. The agency reasonably concluded that the credible fear interview record was reliable. *See Ming Zhang v. Holder*, 585 F.3d 715, 725-26 (2d Cir. 2009). The questions and answers are typewritten and appear to reflect a verbatim or nearly verbatim account of the questions posed and Singh's responses; the interview was conducted through a Nepalese interpreter; the interview record reflects that Singh understood the interpreter, i.e., he was responsive to the questions and confirmed that many details were correct; the record contains no signs of coercion; and the questions asked appear designed to elicit an asylum claim (for example, the officer asked Singh follow-up questions regarding his abduction and the events following it). *Id.* Nor was the agency required to accept Singh's explanation that he was confused during the interview, given his responsive and coherent answers to the questions asked. *See Majidi*, 430 F.3d at 80-81.

Moreover, as the agency found, Singh had multiple opportunities to flag and explain errors in the initial interview, but despite attaching a portion of the interview record to be his original asylum application, he did not acknowledge the inconsistencies until confronted at the hearing.

Given the multiple inconsistencies related to the main grounds of Singh's asylum claim, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(10(B)(iii); *Xian Tuan Ye v. U.S. Dep't of Justice*, 446 F.3d 189, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afford[s] substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)). Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk